# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAVED BY SUN, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 1:23-cv-12304-JEK |
| COREFUSION SOLAR, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

**KOBICK, J.**

The plaintiff, Saved by Sun, LLC, filed this action against the defendant, CoreFusion Solar, LLC, to recover damages incurred due to CoreFusion Solar's alleged failure to compensate Saved by Sun for sales services provided. After CoreFusion Solar was served but failed to answer or otherwise defend this case, the clerk entered a notice of default against it. Saved by Sun now moves for default judgment against CoreFusion Solar. Because Saved by Sun has failed to demonstrate that this Court has subject matter jurisdiction, its motion will be denied without prejudice.

## BACKGROUND

Saved by Sun initiated this action on October 6, 2023. ECF 1. Saved by Sun asserts three claims against CoreFusion Solar: quantum meruit for the value of commissions earned, but not paid, for sales services provided to CoreFusion Solar (Count I); unjust enrichment from CoreFusion Solar's failure to pay commissions for sales services provided (Count II); and a violation of M.G.L. c. 93A (Count III). ECF 1, at 2-4. CoreFusion Solar did not file an answer or otherwise defend the case. As Saved by Sun requested, *see* ECF 6, the clerk entered a notice of

default under Federal Rule of Civil Procedure 55(a) on January 8, 2024, *see* ECF 7. On January 12, 2024, Saved by Sun moved for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1), requesting $174,287.82 in damages, plus taxable costs of $480.00. ECF 10, at 1-2.

## DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step process for entry of a default judgment. First, "the clerk must enter" a notation of default "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). Second, default judgment may be entered if the court (1) has "jurisdiction over the subject matter and parties," (2) "the allegations in the complaint state a specific, cognizable claim for relief," and (3) "the defaulted party had fair notice of its opportunity to object." *In re The Home Restaurants, Inc.*, 285 F.3d 111, 114 (1st Cir. 2002). Where "the plaintiff's claim is for a sum certain" and is supported by "an affidavit showing the amount due," default judgment may, "on the plaintiff's request," be entered without a hearing. Fed. R. Civ. P. 55(b)(1).

Saved by Sun fails to meet the prerequisites for default judgment because it has not satisfied the Court of its subject matter jurisdiction. Invoking the diversity jurisdiction statute, 28 U.S.C. § 1332(a), the complaint alleges that the amount in controversy exceeds $75,000 and full diversity of citizenship exists between Saved by Sun and CoreFusion Solar. ECF 1, at 1. Although the complaint seeks more than the $75,000 threshold, including $174,287.82 in damages for unpaid commissions, it does not provide sufficient jurisdictional facts to determine the citizenship of Saved by Sun or CoreFusion Solar. Saved by Sun and CoreFusion Solar are limited liability companies. ECF 1, at 1. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members. *See BRT Mgmt. LLC v. Malden*

*Storage LLC*, 68 F.4th 691, 696 (1st Cir. 2023). The complaint indicates that Saved by Sun is a Massachusetts limited liability company that has its principal place of business in Boston, Massachusetts. *Id.* Saved by Sun does not, however, identify its members and their citizenship in the complaint, *see* ECF 1, at 1, nor has Saved by Sun identified its members and their citizenship in a corporate disclosure statement, *see* Fed. R. Civ. P. 7.1(a)(2). Similarly, the complaint states that CoreFusion Solar is a New Jersey limited liability company that has its principal place of business in Bridgewater, New Jersey, but does not identify CoreFusion Solar's members and their citizenship. ECF 1, at 1.

As the plaintiff, Saved by Sun bears the burden of proving that subject matter jurisdiction exists. *Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir. 1996). By failing to provide jurisdictional facts relevant to the citizenship of the members of Saved by Sun and CoreFusion Solar, Saved by Sun fails to demonstrate diversity of citizenship between the parties. Accordingly, Saved by Sun has not established that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## CONCLUSION

For the foregoing reasons, Saved by Sun's motion for entry of default judgment is DENIED without prejudice.

SO ORDERED.

/s/ Julia E. Kobick
United States District Judge

Dated: March 14, 2024